```
                    UNITED STATES BANKRUPTCY COURT
                    NORTHERN DISTRICT OF GEORGIA
                           ROME DIVISION

IN RE: VANCE FAMBER, JR.,          {  CHAPTER 13
                                   {
                                   {  CASE NO. R23-40878-BEM
        DEBTOR                     {
                                   {  JUDGE ELLIS-MONRO
```

### CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION, MOTION TO DISMISS CASE WITH PREJUDICE AND NOTICE OF HEARING

COMES NOW, K. Edward Safir, Chapter 13 Trustee herein, and files herewith his Objection to Confirmation and Motion to Dismiss Case with Prejudice, and as grounds shows the Court as follows:

**PLEASE TAKE NOTICE THAT A DISMISSAL OF THIS CASE WITH PREJUDICE PURSUANT TO 11 U.S.C. SECTION 109(g) WILL MEAN THAT THE DEBTOR(S) WILL NOT BE PERMITTED TO FILE ANOTHER CASE UNDER CHAPTER 13 FOR A PERIOD OF 180 DAYS FOLLOWING THE DATE UPON WHICH THIS CASE IS DISMISSED.**

### OBJECTIONS TO CONFIRMATION

1. The Debtor's Plan does not comply with the provisions of the Bankruptcy Code in that:

   a) The Debtor's Chapter 13 Plan payments are delinquent in violation of 11 U.S.C. Section 1326.

   b) The proposed plan provides for set monthly payments to Sunrise Acceptance. However, said creditor has filed an unsecured claim and these funds should be reallocated.

   c) The proposed composition plan provides for the funding of a motorcycle, a secured debt that may be excessive and unnecessary for the support of Debtor or Debtor's dependents, thereby indicating a lack of good faith, in violation of 11 U.S.C. Section 1325(a)(3).

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
albertg@atlch13tt.com

  d) As unsecured creditors may receive less than in a Chapter 7 liquidation, the plan may not conform to 11 U.S.C. Section 1325(a)(4).

  e) The Debtor's Chapter 13 plan, schedules, and/or Statement of Financial Affairs are inaccurate and/or incomplete; the Trustee is unable to determine either the duration or feasibility of the proposed plan.  11 U.S.C. §§ 1325(a)(3) and 1325(a)(7).  Specifically, Schedule C is blank.

  f) The Chapter 13 petition and schedules fail to disclose a retirement account, in violation of 11 U.S.C. § 521 and Fed. R. Bankr. P 1007(b).

  g) The Debtor has filed three (3) previous bankruptcy cases to-wit: first case R21-41187-BEM filed on September 30, 2021, dismissed April 7, 2022; second case R22-40479-BEM filed on April 18, 2022, dismissed August 10, 2022 and third case R22-41400-BEM filed on November 11, 2022, dismissed June 6, 2023.

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
albertg@atlch13tt.com

## MOTION TO DISMISS CASE WITH PREJUDICE

1. The Debtor's Chapter 13 Plan payments are delinquent in violation of 11 U.S.C. 1326. The failure to make payments and failure to contact the Chapter 13 Trustee or the Court with any reason why the payments have not been paid constitutes willful failure to come before the Court in proper prosecution in violation of 11 U.S.C. 109(g) and warrants a dismissal with prejudice. This behavior indicates that the Debtor filed a case that is not feasible thus the Debtor is unable to make a plan payment in violation of 11 U.S.C. 1325(a)(6) or the Debtor has the ability to make the payments and the failure to do so shows a deliberate act of bad faith.

2. The proposed plan provides for set monthly payments to Sunrise Acceptance. However, said creditor has filed an unsecured claim and these funds should be reallocated.

3. The proposed composition plan provides for the funding of a motorcycle, a secured debt that may be excessive and unnecessary for the support of Debtor or Debtor's dependents, thereby indicating a lack of good faith, in violation of 11 U.S.C. Section 1325(a)(3).

4. As unsecured creditors may receive less than in a Chapter 7 liquidation, the plan may not conform to 11 U.S.C. Section 1325(a)(4).

5. The Debtor's Chapter 13 plan, schedules, and/or Statement of Financial Affairs are inaccurate and/or incomplete; the Trustee is unable to determine either the duration or feasibility of the proposed plan. 11 U.S.C. §§ 1325(a)(3) and 1325(a)(7). Specifically, Schedule C is blank.

6. The Chapter 13 petition and schedules fail to disclose a retirement account, in violation of 11 U.S.C. § 521 and Fed. R. Bankr. P 1007(b).

7. The Debtor has filed three (3) recent Chapter 13 cases, each of which was dismissed by the Court. Said cases are as follows:

a) Debtor's first case R21-41187-BEM filed on September 30, 2021, dismissed April 7, 2022;

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
albertg@atlch13tt.com

    b) Debtor's second case R22-40479-BEM filed on April 18, 2022, dismissed August 10, 2022 and

    c) Debtor's third case R22-41400-BEM filed on November 11, 2022, dismissed June 6, 2023.

    The Debtor's conduct in this and the previous cases demonstrates that the Debtor has filed this case without any intention of properly prosecuting this case and has failed to appear before the Court in proper prosecution of this case within the meaning of 11 U.S.C. Section 109(g).

    WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case pursuant to 11 U.S.C. Section 105(a) and Section 109(g), thereby rendering the Debtor ineligible from re-filing another Chapter 13 case for one hundred eighty (180) days; or in the alternative, convert this case to one under Chapter 7.

    Respectfully submitted:
    /s/
    Albert C. Guthrie, Attorney
    For Chapter 13 Trustee
    GA. Bar No. 142399

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
albertg@atlch13tt.com

```
                    UNITED STATES BANKRUPTCY COURT
                    NORTHERN DISTRICT OF GEORGIA
                           ROME DIVISION

   IN RE: VANCE FAMBER, JR.,       {  CHAPTER 13
                                   {
                                   {  CASE NO. R23-40878-BEM
        DEBTOR                     {
                                   {  JUDGE ELLIS-MONRO
```

### NOTICE OF HEARING ON TRUSTEE'S MOTION TO DISMISS

**PLEASE TAKE NOTICE** that ***the Chapter 13 Trustee*** has filed a ***Motion to Dismiss*** and related papers with the Court seeking an Order ***dismissing this case with prejudice.***

**PLEASE TAKE FURTHER NOTICE** that the Court will hold an initial hearing on the **Motion to Dismiss** at **9:30 A. M.** on **August 30, 2023** in **Courtroom 342**, Federal Building, 600 East First Street, Rome, GA 30161, which may be attended in person or via the Court's Virtual Hearing Room. You may join the Virtual Hearing Room through the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing. You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise. Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
albertg@atlch13tt.com

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleadings with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk before the hearing. The address of the Clerk's Office is Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, Atlanta Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

Respectfully submitted,
_____/s/_____
Albert C. Guthrie, Attorney
For Chapter 13 Trustee
GA. Bar No. 142399

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
albertg@atlch13tt.com

R23-40878-BEM

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the parties or attorneys of record. I have also on this day caused a copy of the pleading to be placed in the first-class United States mail, postage prepaid, addressed to the following recipients not participating in the CM/ECF system as follows:

VANCE FAMBER, JR.
PO BOX 6762
DALTON, GA 30722

This 8th day of August, 2023

Respectfully submitted,
_____/s/_____
Albert C. Guthrie, Attorney
For Chapter 13 Trustee
GA. Bar No. 142399

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
albertg@atlch13tt.com